# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| U.S. FLEET TRACKING CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-209-R |
| | ) |
| LAND AIR SEAS SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the motion of Defendant Land Air Sea Systems ("LAS") to consolidate this action with Case No. CIV-13-1249-R, which was transferred to this court from the Northern District of Illinois.[1] Plaintiff U.S. Fleet Tracking ("USFT") responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

Plaintiff filed this action in Oklahoma state court raising claims of theft of trade secrets, deceptive trade practices, unjust enrichment, conversion and unfair competition, based on allegations that LAS, ostensibly in anticipation of a business relationship, obtained prototype GPS tracking devices from USFT, and then misappropriated the technology from the prototypes. The action was removed to this Court by LAS. As noted above, another case between the parties was filed in state court in Illinois and removed to the Northern District of Illinois. Therein LAS alleged that with permission of USFT it was distributing USFT's tracking devices, in its own name, and that when the relationship soured over disagreement

---

[1] In that case, LAS is the Plaintiff and U.S. Fleet Tracking the Defendant.

about invoices and billing, that USFT defamed it by notifying LAS customers that LAS had studied and reverse-engineers USFT tracking devices to sell as its own. LAS pled claims of defamation, deceptive trade practices and tortious interference with a contract.

The parties hereto have litigated the issue of whether these two cases should proceed in the same forum on more than one occasion. On June 22, 2013, this Court denied a motion to transfer filed by LAS, wherein LAS sought to have this action transferred to the Northern District of Illinois, location of the first-filed case. This Court, siding with USFT, concluded that the "if there is any overlap at all between the two suits it is certainly not substantial." Order, p. 3 (Doc. No. 20). More recently, however, the parties filed a "Joint Motion to Consolidate Cases" in the Northern District of Illinois. The motion was denied, because a court cannot consolidate two cases when it lacks jurisdiction over one of those cases. Thereafter LAS filed a motion to transfer and consolidate in the Northern District of Illinois, to which USFT filed an objection, which it apparently later retracted. "Plaintiff's request to transfer this case is granted without objection. Furthermore, Plaintiff's counsel stipulated on the record that Plaintiff will make its executives and employees with relevant knowledge available for trial in Oklahoma." Order (N.D.Ill. Nov. 13, 2013). Accordingly, there are now two cases pending before this Court, and LAS seeks to consolidate those actions.

Pursuant to Federal Rule of Civil Procedure 42(a):

If actions before the court involve a common question of law or fact, the court may:
    (1) join for hearing or trial any or all matters at issue in the actions;
    (2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

The Court first notes that USFT's position regarding consolidation has been inconsistent. USFT objected to LAS's attempt to transfer this action to Illinois. In Illinois, however, USFT and LAS filed a joint motion to consolidate, which was denied for the practical reason set forth above, and therein the parties **jointly** represent to the Northern District of Illinois that "LAS and USF concur that . . . the interests of justice will be served, *inter alia*, a multiplicity of litigation will be avoided and all matters between the parties may be completely resolved in one action." Ex. 1 (Doc. 43). Despite this unambiguous statement to the court in Illinois, USFT now vehemently argues that consolidation is inappropriate.[2]

Notwithstanding this Court's June 11, 2013 Order, the Court hereby GRANTS the motion to consolidate filed by LAS. First, the Court chooses not to ignore the representations of USFT to the court in Illinois advocating consolidation by joining in the motion wherein the parties represented that the two cases could be resolved via a single action.

Second, having re-reviewed the petitions filed in both cases, the Court finds there are common issues of fact in this case, namely, what actually transpired at the July 2009 meeting between the parties and the subsequent nature of their relationship with regard to the distribution of tracking equipment and both cases involve allegations that LAS pirated technology from USFT.

---

[2] This Court acknowledges the statement in the joint motion that "[t]he parties do not agree that there is a direct nexus." Motion to Consolidate, Case No. 11-5843, p. 2. This statement, however, does not necessarily support the conclusion that there is not a single common issue of fact or law between the two cases such that consolidation is improper, as indicated by the parties' concession that the actions could be resolved together.

The Court does not anticipate prejudice or confusion from consolidating these actions. Indeed, although the witnesses to the claims will not overlap entirely, there are witnesses whose testimony will be relevant in both cases, and the resources of the Court and the parties may be best preserved by consolidation of these actions. The deadlines previously set in Case No. CIV-13-209-R are hereby stricken, and the deadlines set by the Court in Case No. 13-1249-R will apply in both actions. Case Nos. CIV-13-209-R and CIV-13-1249-R are hereby ordered consolidated. Case No. CIV-13-209-R will be designated as the lead case.

In light of the foregoing ruling, the Motion to Consolidate [Doc. No. 144] and Unopposed Motion for Extension of Time to File Responsive Pleading [Doc. No. 146] in Case No. CIV-13-1249-R are DENIED as moot. Further, the Joint Stipulated Motion-Request to Permit a Brief Extension of Time for Defendant and Expert Designation [Doc. No. 60] filed in Case No. CIV-13-209-R is also DENIED as moot in light of the foregoing ruling utilizing the scheduling deadlines in Case No. CIV-13-1249.

IT IS SO ORDERED this 15th day of April, 2014.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE